## MARY HYNES v. CHARLES W. PEASE.

### *Pleading.*

Plea, settlement since suit. Replication, settlement obtained by fraud and void, concluding with verification and prayer for judgment. Rejoinder, settlement fairly obtained, and not by fraud, concluding to the country. General demurrer to rejoinder. *Held*, the first defect being in the replication, which was, in substance, a traverse of the plea, and should have concluded to the country, and the rejoinder tendering an issue of fact, that the demurrer was properly overruled and the rejoinder adjudged sufficient.

TRESPASS for assault and battery and getting plaintiff with child. With the service of the writ, notice was given to the defendant that no settlement or other adjustment of matters pertaining to the suit, would be valid unless made with the plaintiff's sole agent and attorney whose name was endorsed on the writ and copy. Pleas, the general issue, and settlement with the plaintiff after suit commenced. Replication of said notice, and that said settlement was obtained by fraud, concluding with a verification and prayer for judgment. Rejoinder that said settlement was fairly obtained, and not by fraud, concluding to the country. General demurrer to the rejoinder. The court, at the December term, 1871, overruled the demurrer, adjudged the rejoinder sufficient, and rendered judgment for the defendant. Exceptions by the plaintiff.

*Geo. Tenney*, for the plaintiff.

*S. M. & S. E. Pingree*, for the defendant.

The opinion of the court was delivered by

Ross, J. The question in this case is raised by the plaintiff's demurrer to the defendant's rejoinder. The action is trespass upon the person of the plaintiff. The plaintiff's attorney, with the writ, served a notice on the defendant, that no settlement or adjustment of matters pertaining to the suit, would be valid, un-

less made with him.  He gave no notice that he owned the claim, or that he had any interest in it other than as her attorney.  The defendant pleaded the general issue, and also in bar, that he had settled the suit with the plaintiff since its commencement.  The plaintiff replied, stating the substance of the notice which was served with the writ, and that the pretended settlement was obtained by fraud and void, and concluded with a verification and prayer for judgment.  The rejoinder alleges that the settlement was fairly obtained, and not by fraud, and concluded to the country.  To this the plaintiff demurred.  The pleadings need be here stated, to show that the county court correctly adjudged the rejoinder sufficient, as it was a traverse of the replication, and tendered an issue of fact.  If there was any fault in the pleadings, it was in the plaintiff's replication, which was, in substance, a traverse of the defendant's plea in bar, as it denied that there had been any valid settlement of the suit, and, properly, should have concluded to the country.  A demurrer reaches the first defect in the pleadings.  As the first defect was in the plaintiff's replication, the county court properly overruled the demurrer, and adjudged the rejoinder sufficient on this ground, as well as on the ground that the rejoinder tendered an issue of fact.

On the plaintiff's motion, the case is reversed, *pro forma*, and he is allowed to replead on the usual terms.